UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIE JEFFERSON,               )
                                )
        Plaintiff,              )
                                )
    v.                          )   Civil Action No. 01-1418 (GK)
                                )
UNITED STATES DEPARTMENT        )
OF JUSTICE, OFFICE OF THE       )
INSPECTOR GENERAL,              )
                                )
        Defendant.              )

### MEMORANDUM OPINION

This matter is before the Court on Defendant's post-appeal renewed motion for summary judgment and Plaintiff's motion for reimbursement of litigation costs. Plaintiff does not oppose Defendant's renewed motion, see Plaintiff's Motion for Reimbursement of Litigation Costs ("Pl.'s Mot.") at 1, and the Court will grant the motion as conceded. For the reasons stated below, Plaintiff's motion for costs will be denied.

The Freedom of Information Act ("FOIA"), see 5 U.S.C. § 552, authorizes the Court to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed."[1] 5 U.S.C. § 552(a)(4)(E). "[I]n order

---

[1] Plaintiff, a *pro se* litigant who is not an attorney, cannot recover attorney fees. *Benavides v. Bureau of Prisons*, 993 F.2d 257, 260 (D.C. Cir.), *cert. denied*, 510 U.S. 996 (1993); *see* (continued...)

1

for plaintiffs in FOIA actions to become eligible for an award of attorney's fees, they must have 'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree." *Oil, Chemical and Atomic Workers Int'l Union v. Dep't of Energy*, 288 F.3d 452, 456-57 (D.C. Cir. 2002) (citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001)); *McSheffrey v. Exec. Office for United States Attorneys*, No. 02-5401, 2003 WL 21538054, *1 (D.C. Cir. July 2, 2003) (per curiam) (applying same test for award of litigation costs).

A determination that a requester "substantially prevails" does not end the Court's inquiry, as the Court also must determine that the requester is entitled to recover fees and costs. *See, e.g., Davy v. Central Intelligence Agency*, 456 F.3d 162, 167 (D.C. Cir. 2006) (ordering remand so that district court can "articulate the basis of its attorney fee decision"). To this end, the Court considers the following factors: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding." *Tax Analysts v. United States Dep't of Justice*, 965 F.2d 1092, 1093 (D.C. Cir.

---

[1](...continued)
*Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (noting agreement among the Circuits "on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorneys fees" under 42 U.S.C. § 1988).

1992).

Plaintiff points to the remand of this case "requiring the Defendant to search its audit and inspection database for any files or information pertaining to Ms. Gay" and this Court's order directing Defendant to conduct such a search as justification for an award of costs. Pl.'s Mot. at 2. Neither of these events suffices.

Plaintiff requested "copies of any and all records created and/or received by the United States Department of Justice ("DOJ"), Office of the Inspector General ("OIG") in regards to Bonnie L. Gay, Attorney in the DOJ, Executive Office for United States Attorneys." Memorandum of Points and Authorities in Support of Defendant's Renewed Motion for Summary Judgment (Def.'s Renewed Mot. for Summ. J.), Briscoe II Decl., Ex. 1 (FOIA Request). Not one record responsive to this request has been ordered released. Plaintiff has not "substantially prevailed" because neither a judgment nor a court-ordered consent decree has been entered in his favor. Plaintiff, therefore, is not eligible for an award of litigation costs. *See Edmonds v. Fed. Bureau of Investigation*, 417 F.3d 1319, 1326 (D.C. Cir. 2005) (requester who obtained court-ordered expedited processing of FOIA request resulting in actual release of nonexempt pages prevailed, and thus was eligible for award of attorney fees).

Even if Plaintiff were eligible for an award of litigation

3

costs, he would not be entitled to such an award. Plaintiff's interest in the requested information appears to be entirely personal, and the results of this litigation provided no cognizable public benefit. Defendant's consistent position to withhold information pertaining to Ms. Gay is reasonable, supported in law, and, in large part, upheld on appeal. *See Jefferson v. Dep't of Justice*, 168 Fed. Appx. 448 (D.C. Cir. Oct 26, 2005) (affirming holding that responsive records in investigative database were compiled for law enforcement purposes and properly were withhold under Exemption 7(C)), *cert. denied*, 74 U.S.L.W. 3617 (U.S. May 1, 2006) (No. 05-9539).

An Order consistent with this Memorandum Opinion will be issued on this same date.

/s/ Gladys Kessler
GLADYS KESSLER
United States District Judge

DATE: Nov, 3, 2006

4